UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DAVID KHAN, et al., | Case No. 17-cv-05548-RS (LB) |
| Plaintiffs, | |
| v. | **ORDER ADDRESSING DISCOVERY DISPUTE REGARDING CELL PHONE** |
| JUSTIN ROGERS, et al., | Re: ECF No. 80, 82, 83, 87 |
| Defendants. | |

**INTRODUCTION**

The parties continue their dispute regarding discovery into plaintiff David Khan's cell phone.[1]

Mr. Khan and his wife are suing the defendants for, among other things, allegedly arresting the Mr. Khan without probable cause to do so.[2] One of the defendants' defenses to Mr. Khan's claim is that the police had probable cause to arrest Mr. Khan, based on evidence shown to the police by a third party, Ronaldo Lemus, that Mr. Khan had been calling Mr. Lemus and sending him text messages threatening to harm or kill him and had vandalized Mr. Lemus's home and truck.[3]

---

[1] *See* Orders – ECF Nos. 70, 73, 77, 79; Pls. Letter Br. – ECF No. 80; Defs. Letter Resp. – ECF No. 82; Pls. Letter Reply – ECF No. 83; Pls. Notice of Dispute and Misconduct – ECF No. 87. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] First Amend. Compl. ("FAC") – ECF No. 39 at 15 (¶¶ 83–88), 19–20 (¶¶ 117–26).

[3] *See* Defs. Case Mgmt. Statement – ECF No. 40 at 2–3.

ORDER – No. 17-cv-05548-RS (LB)

Among other things, Mr. Khan claims that Mr. Lemus and/or the police fabricated this evidence, including fabricating text messages from Mr. Khan threatening Mr. Lemus.[4]

The defendants seek production of the following categories of documents from Mr. Khan's phone:

1. All text (SMS) messages between Plaintiff and Mr. Renaldo Lemus ("Lemus"), which refer, in anyway, to business dealings, threats, arguments or any sort of fight or heated words, made between November 23, 2016, and December 24, 2016.

2. All voicemail messages located on Plaintiff's cell phone and made by or related to Lemus which refer, in anyway, to business dealings, threats, arguments or any sort of fight or heated words, made between November 23, 2016, and December 24, 2016.

3. All videos and/or photographs on Plaintiff's cell phone relating to or depicting communication between Plaintiff and Lemus, business dealings between Plaintiff and Lemus, arguments, threats or any sort of fight or heated words, between Plaintiff and Lemus, or which depict or show any personal property of Lemus, including the Lemus residence, both the inside and outside of the residence, as well as the vehicle(s) owned by the Lemus, or property owned by Plaintiff, or family of Lemus, which relate to his claims or allegations in this case, created between November 23, 2016, and December 24, 2016.

4. All audio recordings on Plaintiffs cell phone which relate to communication with Lemus, business dealings between Plaintiff and Lemus or audio related to arguments, threats or any sort of fight or heated words, between Plaintiff and Lemus, made between November 23, 2016, and December 24, 2016.

5. The "call log" on Plaintiffs cell phone showing all calls made or received between November 23, 2016, and December 24, 2016.

6. All Emails located on Plaintiffs cell phone between Plaintiff and Lemus, regarding communication between the two, business dealings, arguments, threats or any sort of fight or heated words, between Plaintiff and Lemus made between November 23, 2016, and December 24, 2016[.]

7. All Electronic Information Which Tracks Location, located on Plaintiffs cell phone from November 23, 2016, and December 24, 2016, to see if, when, and on how many occasions the Plaintiff was (if ever) located at or near the Lemus residence at 1149 San Pablo Ave., Apt. #2, Pinole, CA 94564.

8. All deleted data from November 23, 2016, and December 24, 2016, regarding any of the categories above, pertaining to Lemus, his family, residence and/or property[.][5]

---

[4] *See, e.g.*, FAC – ECF No. 39 at 7 (¶ 33); Pls. Letter Reply – ECF No. 83 at 3 (¶ 10).

[5] Defs. Letter Resp. – ECF No. 82 at 5–6.

The defendants argue that these documents are relevant to the parties' claims and defenses. Among other things, the defendants argue that discovery into Mr. Khan's phone is relevant and necessary in light of Mr. Khan's claim that Mr. Lemus and/or the police have fabricated evidence.[6]

The court held a hearing on September 27, 2018. At the hearing, for the first time, the defendants stated that a data expert may be able to access Mr. Khan's phone without Mr. Khan's unlocking it. Following the hearing, the defendants provided the name of an individual — Jason Hutchinson, Senior Forensic Analyst, Department of Homeland Security US-CERT — who could access and download the data on Mr. Khan's phone, at no cost to the parties.[7]

## ANALYSIS

While this fact may be obvious, the court reiterates it again for Mr. Khan's benefit. This is not a criminal case. It is a civil case — one that Mr. Khan voluntarily chose to bring. The Fourth Amendment protects individuals against state action and, among other things, limits the state's ability to seize documents from individuals and use them in a criminal case. But that protection does not apply to a civil case. By voluntarily choosing to bring a civil case, Mr. Khan has voluntarily subjected himself to the civil-case obligation to produce documents to the other side (i.e., discovery).

The standard for obtaining discovery in a civil case is whether the discovery is (1) relevant to any party's claims or defenses and (2) proportional to the needs of the case. *See* Fed. R. Civ. P.

---

[6] *Id.* at 4 ("Per the above facts, it is clear that the evidence sought from the Plaintiff Mr. Khan's cell phone seized by police on December 24, 2016, is relevant to this action and namely, Defendants' defenses and may go to impeachment of Mr. Khan's denials as well. This may include text messages, emails, other messages, photographs, videos and other similar information or data that bears on these issues. For instance, if threatening text messages to Lemus are found on Mr. Khan's phone, then it is clear that the photo evidence of text messages provided by Lemus to police were not fabricated as Khan alleges. Finding such evidence on the Plaintiffs phone is important as it authenticates those text messages as coming from Mr. Khan and will provide the date and time those texts were sent. The same would apply to photos or videos, for instance, of Lemus' home, family, or related issues on the vandalism and/or stalking contentions. Overall, this evidence may be very probative in this case.")

[7] Defs. Suppl. Letter – ECF No. 85.

26(b)(1).[8] If one party to a civil case (such as Mr. Khan) has documents in his possession (such as documents on his phone) that are relevant to any party's claims or defenses and proportional to the needs of the case, that party must produce it to the other side. Those are simply the generally-applicable civil-procedure rules that govern all civil cases in federal court.[9]

The categories of documents that the defendants have identified are relevant to the parties claims and defenses. Requests 1 through 4 and Request 6 are proportional to the needs of the case. Request 5, limited to call logs showing calls made to or received from Mr. Lemus, and Request 7, limited to electronic-tracking information that shows that Mr. Khan was at or near Mr. Lemus's residence, are also relevant and proportional to the needs of the case. Request 8, insofar as it relates to the prior requests as limited above, is also relevant and proportional to the needs of the case. Among other things, the requests are limited in both time and subject matter to the specific matters at issue in this case (Mr. Khan's interactions with Mr. Lemus).[10] Because these categories of documents are both relevant and proportional, the plaintiffs must produce them.

Mr. Khan has indicated that he will not voluntarily unlock his phone. The defendants state that they can access Mr. Khan's phone (which the defendants have in their custody) without Mr. Khan's unlocking it. The defendants represent that they cannot download information from the phone by subject matter, however, and can only download the entire contents of the phone.[11]

---

[8] It is not whether a party has a warrant or probable cause (or "reasonable cause"), which is a criminal-procedure standard that does not apply to a civil case. *Contra* Pls. Notice of Dispute and Misconduct – ECF No. 87 at 1 (¶ 2).

[9] The fact that the plaintiffs have to comply with civil-procedure rules does not mean they are being denied their constitutional right of access to the courts. *Contra id.* at 2 (¶ 3). Access to the courts does not mean the right to file a case with the court and then to disregard the generally-applicable rules that govern that case.

[10] The court does not rule at this juncture whether the Requests 5 and 7, to the extent they call for call logs or electronic-tracking information unrelated to Mr. Lemus, are or are not relevant or proportional to the needs of this case.

[11] Defs. Letter Resp. – ECF No. 82 at 5, 8. The defendants also stated at the September 27 hearing that the City of Pinole and the Pinole Police Department do not have the technical capabilities to conduct this download themselves and that the defendant would enlist the services of a Department of Homeland Security forensic analyst.

The court balances the defendants' need for relevant documents that may be on Mr. Khan's phone, Mr. Khan's refusal to voluntarily unlock his phone and produce documents therefrom, and the risks of spoliation (which the parties and the court discussed at the September 27 hearing), on the one hand, against Mr. Khan's privacy interests in the data on his phone, on the other, and orders as follows.

1. The defendants may enlist Jason Hutchinson, Senior Forensic Analyst, Department of Homeland Security US-CERT, to access and download the data on Mr. Khan's phone. Mr. Hutchinson will retain a copy of the downloaded data as a forensic backup (but must not review it). The data may not be provided to the parties, their counsel, or any other person, absent further order of the court. The court will consider any proposal by the defendants to lodge the forensic copy with a neutral third-party vendor.

2. After the download is complete, the defendants are **ORDERED** to return Mr. Khan's phone to him. The defendants must file a notice on the docket when they return Mr. Khan's phone.

3. The plaintiffs (both Mr. Khan and his wife) each have an affirmative obligation to preserve all documents relevant to the claims and defenses in this action, including any relevant documents on Mr. Khan's phone. This may include text messages, emails, voice mails, photos, videos, audio recordings, and call logs. The plaintiffs are **ORDERED** to preserve all such documents. (The court notes for the plaintiffs' benefit that deletion or destruction of relevant documents — even if accidental or inadvertent — may subject them to sanctions, including monetary fines, an adverse-inference, or terminating sanctions, i.e., the dismissal of their case. The court warns the plaintiffs that they must take affirmative measures to preserve relevant documents.).

4. The plaintiffs are **ORDERED** to produce all documents on Mr. Khan's phone responsive to Requests 1 through 4 and Request 6 (and Request 8, insofar as it relates to Requests 1 through 4 or Request 6) within **fourteen days** of receiving the phone from the defendants.

5. In response to Request 5 (and Request 8, insofar as it relates to Request 5), the plaintiffs are **ORDERED** to produce a call log from Mr. Khan's phone showing all calls made to or received from Mr. Lemus between November 23, 2016, and December 24, 2016 (including any calls logged in deleted data), within **fourteen days** of receiving the phone from the defendants.

6. In response to Request 7 (and Request 8, insofar as it relates to Request 5), the plaintiffs are **ORDERED** to review any electronic-tracking information on Mr. Khan's phone (including any electronic-tracking information in deleted data) and, from that information, identify for the defendants the dates and times that Mr. Khan was within one mile of Mr. Lemus's residence between November 23, 2016, and December 24, 2016, if the plaintiffs have the technical ability to do so, within **fourteen days** of receiving the phone from the defendants. If the plaintiffs do not have the technical ability to review electronic-tracking information or identify these dates and times, the parties should meet and confer regarding this request.

The court warns the plaintiffs again that failure to comply with their civil-discovery obligations or to comply with the court's orders, including the orders to preserve and produce the documents identified above, may result in sanctions, including monetary fines, an adverse-inference instruction, or terminating sanctions, i.e., the dismissal of their case.

The court adds that this is a first step. Given Mr. Khan's representations in court, raising the specter of spoliation, the court also will entertain the defendants' request for a neutral third-party vendor to search the forensic backup copy for responsive information.

**IT IS SO ORDERED.**

Dated: September 28, 2018

_____
LAUREL BEELER
United States Magistrate Judge