UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DAVID KHAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JUSTIN ROGERS, et al., <br><br> Defendants. | Case No. 17-cv-05548-RS (LB) <br><br> **ORDER (1) DENYING PLAINTIFFS' MOTION TO COMPEL AND (2) DIRECTING PLAINTIFFS TO COMPLY WITH THE COURT'S SEPTEMBER 28 ORDER** <br><br> Re: ECF No. 95 |

## INTRODUCTION

This action, as pleaded in the First Amended Complaint ("FAC")[1] and as refined through Judge Seeborg's order on the defendants' motion to dismiss,[2] concerns plaintiffs David Khan's and Nay Zar Tun Kyaw's allegations that the City of Pinole and Pinole Police Sergeant Justin Rogers violated their civil rights in connection with their arrest of Mr. Khan and their detention of Ms. Kyaw on December 24, 2016. The police arrested Mr. Khan in part because a Roberto Lemus, who was engaged with Mr. Khan in a business arrangement selling computers, purportedly called

---

[1] FAC – ECF No. 39. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. to Dismiss Order – ECF No. 52.

ORDER – No. 17-cv-05548-RS (LB)

the police and told them that Mr. Khan had been threatening him, repeatedly calling him and sending him text messages threatening to harm or kill him.

The court addresses two matters currently pending before it. First, the plaintiffs previously issued a subpoena to Mr. Lemus and his fiancée for various documents.[3] The plaintiffs state that Mr. Lemus has not produced these documents. The plaintiffs move the court for an order compelling production.[4] Second, the defendants previously issued requests for various documents and information on Mr. Khan's cell phone. The court previously issued an order (1) allowing the defendants to enlist a senior forensic analyst from the Department of Homeland Security ("DHS") to download the data on the phone and retain the downloaded data as a forensic backup, without reviewing it or providing it to the parties, (2) directing the defendants to return the phone to the plaintiffs, and (3) directing the plaintiffs to preserve relevant documents and produce responsive documents from the phone to the defendants. *Khan v. Rogers*, No. 17-cv-05548-RS (LB), 2018 WL 463414, at *3–4 (N.D. Cal. Sept. 28, 2018).[5] The defendants state that Mr. Khan has refused to take back the phone and thus has not produced any responsive documents therefrom. The defendants move the court for an order allowing them to access the downloaded forensic backup or imposing sanctions against the plaintiffs.[6]

The court can decide these matters without a hearing. N.D. Cal. Civ. L.R. 7-1(b).[7] The court denies the plaintiffs' motion to compel. The court further orders the plaintiffs to (1) take back Mr. Khan's cell phone by November 12, 2018, (2) preserve all relevant documents on the phone, and

---

[3] For simplicity, the court refers to Mr. Lemus and his fiancée as Mr. Lemus in the singular.

[4] Pl. Mot. to Compel – ECF No. 97.

[5] Cell Phone Order – ECF No. 88 at 5–6.

[6] Blechman Decl. – ECF No. 99 at 2–3 (¶¶ 6–10).

[7] The court scheduled a hearing on these matters for November 8, 2018 at 9:30 a.m. On November 3, the plaintiffs informed the court that they could not attend at 9:30 a.m. and asked to reschedule the hearing to 11:00 a.m. The court was unable to move the hearing to 11:00 a.m. due to conflicts with commitments in another case. The court's deputy contacted the plaintiffs to ask if 10:15 a.m. would work for them. The plaintiffs did not timely respond. Counsel for the defendants informed the court that he has a deposition scheduled for 11:00 a.m. in Oakland. Given the logistical issues, and because the matters are suitable for decision without a hearing, the court vacates the November 8 hearing and decides the matters on the papers.

(3) produce all responsive documents from the phone by November 26, 2018, as set out in the court's September 28 order. If the plaintiffs fail to comply, the defendants must notify the plaintiffs and the court by filing a notice on the docket. The court will then address what next steps may be necessary, including whether the defendants should be allowed to access the forensic backup or whether the plaintiffs should be sanctioned.

**STATEMENT**

**1. The Parties' Claims and Defenses**

Because the scope of discovery turns on (among other things) "any party's claim or defense," Fed. R. Civ. P. 26(b)(1), the court briefly recounts the parties' respective factual assertions regarding their claims or defenses here.

The plaintiffs allege the following in their FAC:

> Pursuant to an agreement with a man named Ronaldo Lemus, Khan sold refurbished computers to Lemus, who then resold them at a profit. In early December 2016, Lemus ran off with Khan's computers, prompting Khan, along with his wife Nay Zar Tun Kyaw and their young child, to go to Lemus's house and confront him. Finding Lemus at home, plaintiffs called PPD [Pinole Police Department] for assistance in recovering the allegedly stolen property. PPD officer Justin Rogers arrived on the scene and instructed Khan to wait in his car while Rogers spoke to Lemus in Lemus's apartment.
>
> About thirty minutes later, Rogers emerged and placed Khan under arrest. Rogers handcuffed Khan and ordered another PPD officer to detain him in the police vehicle. He also ordered Kyaw and their young child to be detained in another patrol vehicle. During the course of the arrest, Rogers seized Khan's cell phone and USB drives and searched his vehicle without permission.
>
> The officers detained Khan in the police vehicle for more than four hours, which caused injuries to Khan's hands. Khan was later transported to the county jail, and was released from a CCC detention facility some time later without any pending charges. After his arrest, Khan made several attempts to retrieve his property from the PPD and to obtain the police report concerning his arrest. These requests were refused on the grounds that Khan's case was still under active investigation. Khan was never charged with any crime in connection with the above-described events.[8]

---

[8] MTD Order – ECF No. 52 at 1–2.

The defendants allege the following in their case-management statement:

> On December 25, 2016, around 2:23 p.m., Sergeant Justin Rogers ("Sgt. Rogers") and Officer Patrick Rude ("Ofc. Rude") of the Pinole Police Department ("PPD") were dispatched to 1149 San Pablo Avenue, Apt. 2, in Pinole, CA. Resident of Apt. 2 and 911 caller, Ronaldo Lemus ("Lemus"), advised dispatch there was a man knocking on his door and that Lemus hit his panic button on the security system. Upon arrival, officers encountered Plaintiff David Khan "Plaintiff Khan" outside the apartment who informed officers that Lemus owed him money. Ofc. Rude stayed with Plaintiff Khan near Plaintiff's vehicle while Sgt. Rogers went to speak with Lemus. Plaintiff Nay Zar Tun Kyaw ("Plaintiff Kyaw") and Plaintiffs' young child were also present and inside Plaintiffs' vehicle.
>
> Lemus informed Sgt. Rogers that Plaintiff Khan had been threatening him the last couple weeks over money Plaintiff Khan believed Lemus owed him. According to Lemus, Plaintiff Khan had been repeatedly calling him and sending him texts threatening to harm or kill him. Lemus told Sgt. Rogers that he and Plaintiff Khan are in business together selling refurbished electronics together although Lemus suggested the business may not be legal. Lemus said he recently picked up a number of hard drives from Plaintiff Khan and Plaintiff Khan wanted one of the hard drives back. Lemus said he found pornographic materials on this hard drive. Lemus then showed Sgt. Rogers footage from his exterior surveillance camera where Plaintiff Khan is seen spray painting the lens of Lemus' camera a couple days prior. Lemus' truck was also spray painted. Lemus requested Plaintiff Khan be arrested for vandalism and signed a citizen arrest form.
>
> Plaintiff Khan was then arrested. While preparing to tow Plaintiff Khan's vehicle, Sgt. Rogers observed a rifle through the back window of the vehicle. Sgt. Rogers pulled out the rifle and saw that a plastic bottle was taped to the end of the barrel as a make shift sound suppressor (also known as a "silencer"). A search of Plaintiff Khan's vehicle further revealed a magazine loaded with bullets for the rifle in the unlocked glove compartment along with wire strippers and cans of black spray paint.[9]

## 2. The Plaintiffs' Subpoena to Mr. Lemus

The plaintiffs drafted a subpoena to Mr. Lemus that purported to command him to appear for a deposition and to bring with him to the deposition "Cellular phone with text messages from March 2016 to January 2017, Hard drive(s) received from David Khan, Proof of business partnership with Khan, Business liscense [sic], Business transaction records from online market places, Proof to confirm in Los Angeles from 11/23/2016 to 12/04/2016 and all information available without

---

[9] Defs. Case Mgmt. Statement – ECF No. 40 at 2–3.

ORDER – No. 17-cv-05548-RS (LB)     4

altercations [sic]."[10] Mr. Khan sent the subpoena to Mr. Lemus by personally mailing it to him.[11] (It does not appear that the subpoena was sent to Mr. Lemus by any means other than this mailing.[12])

On October 10, 2018, Mr. Khan sent Mr. Lemus a letter demanding that he produce an expanded list of documents by October 17, 2018. Specifically, Mr. Khan demanded that Mr. Lemus produce:

1) The cell phone contain[ing] the text messages from Khan between August 1st 2016 to January 31st 2017
2) Phone bill with call history from Nov 1st 2016 to August 1st 2017
3) Security camera footages of Khan spray painting the vehicle and vandalizing
4) Security camera footage of Khan cut out the camera wire
5) Proof of Khan broke into the apartment of Lemus Bermudes
6) Business partnership including agreements or any signed contract between Lemus and Khan
7) Business license of the computer and electronics services by [Lemus] Bermudes
8) Bank transactions statement from June 2016 to current with all transactions
9) Transaction record from online market place from June 1, 2016 to December 31,2017 [sic]
10) Hard drives received from Khan including the drive with child pornography
11) The information, full name of the person named "Alex" and last known place of work
12) Verifiable proof of Lemus in Los Angeles from Nov 23rd 2016 to December 4th 2016
13) All records and documents submitted to the Pinole Police Department[.][13]

---

[10] Subpoena – ECF No. 95-1 at 1.

[11] Subpoena Proof of Service – ECF No. 95-1 at 2.

[12] *See id.*

[13] Khan Letter – ECF No. 95-2.

**3. The Defendants' Request for Documents and Information on Mr. Khan's Cell Phone**

The procedural history regarding the defendants' request for documents and information on Mr. Khan's cell phone is set out in greater detail in the court's September 28 order. *Khan*, 2018 WL 4693414, at *1–2.[14] In brief, one of the defendants' defenses to the plaintiffs' claims is that they had probable cause to arrest Mr. Khan based on evidence that Mr. Lemus showed them that Mr. Khan had been threatening him via calls and text messages and had vandalized his home and truck. *Id.* at *1.[15] Mr. Khan claims that Mr. Lemus and/or the police fabricated this evidence, including fabricating text messages from Mr. Khan to Mr. Lemus. *Id.*[16] The defendants requested (broadly speaking) documents related to Mr. Khan's communications with Mr. Lemus (including text messages, voicemail messages, videos and photographs, audio recordings, call logs, and emails) and electronic tracking information, in part to rebut Mr. Khan's claims of fabrication. *Id.* at *1–2 & n.6.[17] The court found that these documents and information, limited to that which was connected to Mr. Lemus, was relevant and should be produced. *Id.* at *3.[18] The court was mindful of Mr. Khan's countervailing privacy interests in his phone. *Id.*[19] The court balanced the defendants' need for relevant documents that might be on Mr. Khan's phone, Mr. Khan's refusal to voluntarily unlock his phone and produce documents therefrom, and the risks of spoliation (including Mr. Khan's statements at a hearing before the court that he knew how to electronically manipulate data on a phone), on the one hand, against Mr. Khan's privacy interests in the data on his phone, on the other, and issued an order (1) allowing the defendants to enlist a DHS senior forensic analyst to download the data on Mr. Khan's cell phone and retain the downloaded data as a forensic backup, without reviewing it or providing it to the parties, (2) directing the defendants

---

[14] Cell Phone Order – ECF No. 88 at 1–3.

[15] *Id.* at 1.

[16] *Id.* at 2.

[17] *Id.* at 2–3 & n.6.

[18] *Id.* at 4.

[19] *Id.* at 5.

thereafter to return the phone to the plaintiffs, and (3) directing the plaintiffs thereafter to produce responsive documents from the phone to the defendants. *Id.* at *3–4.[20]

## ANALYSIS

### 1. The Plaintiffs' Subpoena to Mr. Lemus

The court denies the plaintiffs' motion to compel for numerous reasons, any one of which would be sufficient grounds for denying the motion to compel.

#### 1.1 Service

Mr. Khan sent the subpoena to Mr. Lemus via mail. The majority rule is that Federal Rule of Civil Procedure 45 requires personal service, as opposed to service by mail. *Chima v. U.S. Dep't of Def.*, 23 F. App'x 721, 724 (9th Cir. 2001); *In re Pro-Sys Consultants*, No. 16-mc-80118-JSC, 2016 WL 6025155, at *1 (N.D. Cal. Oct. 14, 2016) (citing cases). While a growing but still minority trend among courts has been to allow substitute service of a Rule 45 subpoena via alternative methods, such as mail delivery, pursuant to a court order, *In re Pro-Sys Consultants*, 2016 WL 6025155, at *2 (citing cases), the plaintiffs here never sought a court order allowing for substitute service. Additionally, Mr. Khan personally mailed the subpoena to Mr. Lemus. This violates the express language of Federal Rule of Civil Procedure 45(b)(1), which provides that a subpoena must be served by a person who is not a party to the litigation. Mr. Khan, of course, is a party, and thus he cannot himself serve a subpoena on Mr. Lemus. Because the plaintiffs have not properly served a subpoena on Mr. Lemus, the plaintiffs' motion to compel must be denied.

#### 1.2 Scope

Even assuming the plaintiffs had properly served Mr. Lemus, the plaintiffs' subpoena was limited to requesting phone text messages, hard drives, proof of Mr. Lemus's business partnership with Mr. Khan, Mr. Lemus's business license and business-transaction records, and proof that Mr. Lemus was in Los Angeles. Mr. Khan's October 10 letter requests additional documents (such as

---

[20] *Id.* at 5–6.

ORDER – No. 17-cv-05548-RS (LB)         7

1 phone bills, security-camera footage, and bank transactions) that are not covered by the plaintiffs'
2 subpoena. The plaintiffs cannot expand the scope of a subpoena through a letter. *Toranto v.*
3 *Jaffurs*, No. 16cv1709-JAH (NLS), 2018 WL 2387586, at *2 (S.D. Cal. May 24, 2018) (citing
4 cases). Even if the plaintiffs' subpoena were valid, the court would deny the plaintiffs' motion to
5 compel on this ground with respect to all categories of documents not listed in the original
6 subpoena. *Cf. id.* ("When Plaintiff subsequently requested via email to have a subset of the emails
7 be produced in their entirety, this was technically not a valid discovery request because the
8 original subpoena did not cover email content. . . . [U]ntil that valid request was made, had
9 Plaintiff come to the Court for relief, the Court would not have been able to grant it.") (citing
10 cases).

### 1.3 Non-Party Discovery, Relevance, and Burden

Even assuming the plaintiffs had properly served Mr. Lemus, their requests are irrelevant and overly burdensome.

It is important to remember that Mr. Lemus is not a party to this litigation. "'[N]on-parties may occasionally have to testify and give evidence for and against litigants, but non-parties should not be burdened in discovery to the same extent as the litigants themselves. Requests to nonparties should be narrowly drawn to meet specific needs for information.'" *Updateme Inc. v. Axel Springer SE*, No. 17-cv-05054-SI (LB), 2018 WL 5734670, at *3 (N.D. Cal. Oct. 31, 2018) (quoting *Convolve, Inc. v. Dell, Inc.*, No. C 10-80071-WHA, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011); *Beinin v. Ctr. for the Study of Popular Culture*, No. C 06-2298 JW (RS), 2007 WL 832962, at *2 (N.D. Cal. Mar. 16, 2007)). "Generally, the party moving to quash under Rule 45(c)(3) bears the burden of persuasion, but '[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.'" *Id.* (quoting *GreenCycle Paint, Inc. v. PaintCare, Inc.*, No. 15-cv-04059-MEJ, 2018 WL 1399865, at *3 (N.D. Cal. Mar. 19, 2018)).

As the parties issuing the subpoena, the plaintiffs must demonstrate that the information sought is relevant and material to the allegations and claims at issue in their case. They have not done so. It is important to remember that this case is about the plaintiffs' claims that the police

violated their civil rights. It is not about the plaintiffs' general disputes with Mr. Lemus beyond the extent that those disputes relate to the plaintiffs' claims against the police or the police's defenses. The plaintiffs have not shown why any of the documents they subpoenaed — other than possibly (1) the specific text messages between Mr. Khan and Mr. Lemus that Mr. Lemus might have shown the police, and (2) the specific hard drives that Mr. Lemus received from Mr. Khan that Mr. Lemus might have provided to the police — are relevant to their claims against the police or the police's defenses. For example, Mr. Lemus's business license and business transactions appear wholly irrelevant to the plaintiffs' claims — which are only against the police, not Mr. Lemus — and the plaintiffs have not demonstrated otherwise.

Additionally, discovery of non-parties like Mr. Lemus may be subject to quash when the documents being sought are in the possession of party litigants. As one court noted in addressing a motion to quash a subpoena to a non-party, "[t]here is simply no reason to burden nonparties when the documents sought are in possession of the part[ies]." *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007). The plaintiffs have not shown why they cannot obtain the text messages that Mr. Lemus might have shown the police from the defendants (or why they themselves do not already have these text messages, which would have come from Mr. Khan in the first place). Likewise, the plaintiffs have not shown why they cannot obtain discovery into the hard drives that Mr. Lemus might have provided to the police from the defendants.[21]

---

[21] For the plaintiffs' benefit, the court explains the difference between the argument that Mr. Lemus should not be burdened with having to produce documents because the plaintiffs have the documents or can obtain them from the defendants, versus the argument (that the plaintiffs have made during this litigation) that they should not be burdened with having to produce documents because the defendants have the documents or can obtain them from Mr. Lemus. The difference is that the plaintiffs are *parties*, whereas Mr. Lemus is a *non-party*. "'Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party.'" *Petka v. Mylan Pharm., Inc.*, No. 16-mc-80196-MEJ, 2016 WL 6947589, at *3 (N.D. Cal. Nov. 28, 2016) (quoting *United States v. CBS, Inc.*, 666 F.2d 364, 371–72 (9th Cir. 1982)). Thus, "'[t]he Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *Id.* (quoting *Lemberg Law LLC v. Hussin*, No. 16-mc-80066-JCS, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016)). The plaintiffs, by contrast, chose to bring this litigation and can control its scope and discovery (subject to the court's orders and the rules of civil procedure). As parties, they are subject to the burdens of party (not non-party) discovery.

Even if the plaintiffs' subpoena were valid, the court would deny the plaintiffs' motion to compel on these grounds.

### 1.4 Non-Existence of Documents

Mr. Lemus has submitted a statement sworn under penalty of perjury that he does not have the phone in question (and thus cannot produce text messages from it) and does not have the hard drives in question (because they were turned over to the police long ago).[22] The court cannot compel Mr. Lemus to produce that which he does not have.

*       *       *

For any and all of the reasons listed above, the court denies the plaintiffs' motion to compel.

## 2. The Defendants' Request for Documents and Information on Mr. Khan's Cell Phone

The court ordered the defendants to return Mr. Khan's phone to the plaintiffs and ordered the plaintiffs to (1) preserve all documents on the phone relevant to the claims and defenses on the phone and (2) produce responsive documents from the phone to the defendants. *Khan*, 2018 WL 4693414, at *3.[23] Implicit in that order was an order that the plaintiffs accept the phone from the defendants. The court now makes that explicit. The court orders the plaintiffs to (1) take back Mr. Khan's cell phone by November 12, 2018, (2) preserve all relevant documents on the phone, and (3) produce all responsive documents from the phone by November 26, 2018, as set out in the court's September 28 order.

**The court warns the plaintiffs that failure to comply with any court order, including the court's September 28 order or this order, may subject them to sanctions.** If the plaintiffs fail to comply, the defendants must notify the plaintiffs and the court by filing a notice on the docket.

---

[22] Lemus Sworn Statement – ECF No. 98 at 4 (¶ A), 6 (¶ J). Mr. Lemus notes he also does not have documents responsive to a number of the plaintiffs' other requests from Mr. Khan's October 10 letter, but because those documents were not within the scope of the original subpoena, the court declines to address them here.

[23] Cell Phone Order – ECF No. 88 at 5.

# CONCLUSION

The court denies the plaintiffs' motion to compel. The court further orders the plaintiffs to (1) take back Mr. Khan's cell phone by November 12, 2018, (2) preserve all relevant documents on the phone, and (3) produce all responsive documents from the phone by November 26, 2018, as set out in the court's September 28 order. If the plaintiffs fail to comply, the defendants must notify the plaintiffs and the court by filing a notice on the docket.

**IT IS SO ORDERED.**

Dated: November 6, 2018

_____
LAUREL BEELER
United States Magistrate Judge