United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DAVID KHAN, et al., | Case No. 17-cv-05548-RS (LB) |
| Plaintiffs, | |
| v. | **ORDER ADDRESSING ONGOING DISCOVERY DISPUTE REGARDING PLAINTIFFS' CELL PHONE** |
| JUSTIN ROGERS, et al., | |
| Defendants. | Re: ECF No. 88, 101, 105 |

The court assumes the reader's familiarity with the subject matter and procedural history of this case and the parties' various disputes, and in particular, the court's September 28, 2018, and November 6, 2018, orders regarding plaintiff David Khan's cell phone. *Khan v. Rogers*, No. 17-cv-05548-RS (LB), 2018 WL 4693414 (N.D. Cal. Sept. 28, 2018) (*Khan I*); *Khan v. Rogers*, No. 17-cv-05548-RS (LB), 2018 WL 5849010 (N.D. Cal. Nov. 6, 2018) (*Khan II*).[1] The defendants have submitted a declaration stating that the plaintiffs continue to refuse to take back Mr. Khan's cell phone and produce responsive documents therefrom, as the court had ordered the plaintiffs to do.[2] Most recently, Mr. Khan stated that he would accept his cell phone only if, among other

---

[1] *Khan I* Order – ECF No. 88; *Khan II* Order – ECF No. 101. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Blechman Decl. – ECF No. 105 at 2 (¶¶ 3–5).

ORDER – No. 17-cv-05548-RS (LB)

things, the defendants pay him $20.7 million and return the phone to him in the presence of the FBI and various U.S. senators.[3] The defendants request that (1) the court issue sanctions against the plaintiffs for failure to comply with the court's orders, (2) allow the defendants full access to the forensically downloaded backup data from the phone, and (3) order that the phone remain in the defendants' custody for the duration of this litigation for preservation purposes.

As the court has discussed previously, including at the September 27, 2018, hearing and the court's orders, the court is mindful of Mr. Khan's privacy interests in his cell phone and has been trying to accommodate these privacy interests, while not prejudicing the defendants from being able to obtain the discovery they need from the phone. *See Khan I*, 2018 WL 4693414, at *3; *Khan II*, 2018 WL 5849010, at *3.[4] The court's attempts to accommodate Mr. Khan's privacy interests have been frustrated by Mr. Khan's refusal to cooperate and comply with the court's orders. Nevertheless, the court will try one more time to accommodate Mr. Khan's privacy interests. In lieu of granting the defendants' request for direct access to the forensically downloaded backup data from the phone, the court directs the defendants to submit by November 16, 2018, (1) a proposal for review of the data by a "taint team" or a third-party vendor separate and apart from the individuals and counsel directly involved with this litigation and (2) a proposed protective order that would protect non-responsive documents and information from the phone being produced to individuals outside of the "taint team" or vendor, or to show cause why this would be infeasible. The plaintiffs may thereafter submit a response by November 19, 2018, and the defendants may submit a reply by November 20, 2018.

The court grants the defendants' request to allow the phone to remain in the defendants' custody for the duration of this litigation for preservation purposes, absent further order of the court. The plaintiffs have had multiple opportunities to take back their phone after the court's September 28 order and have rejected those opportunities. To avoid ambiguity as to whether the

---

[3] *Id.* at 3 (¶ 7); Blechman Decl. Ex. B – ECF No. 105 at 10.

[4] *Khan I* Order – ECF No. 88 at 5; *Khan II* Order – ECF No. 101 at 6; *see also* Order – ECF No. 77 at 3–4.

court's prior orders that the defendants return the phone remain in effect, as well as to avoid gamesmanship regarding the phone's custody, the court rescinds its prior orders requiring the defendants to return the phone to the plaintiffs.

The court declines to issue sanctions on its own authority against the plaintiffs at this time.

**IT IS SO ORDERED.**

Dated: November 13, 2018

_____
LAUREL BEELER
United States Magistrate Judge