UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DAVID KHAN, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>JUSTIN ROGERS, et al.,<br><br>    Defendants. | Case No. 17-cv-05548-RS (LB)<br><br>**ORDER ADDRESSING DISCOVERY OF CELL PHONE, DEPOSITIONS OF PLAINTIFFS, AND OTHER MATTERS**<br><br>Re: ECF No. 102, 108–113 |

## INTRODUCTION

The court assumes the reader's familiarity with the subject matter and procedural history of this case and the parties' various disputes, and in particular, the long-running dispute regarding discovery of responsive documents and information that may be stored on plaintiff David Khan's cell phone.[1] Per the court's order, the defendants have submitted a proposed protocol for using a "taint team" to review the forensic-backup data downloaded from Mr. Khan's cell phone.[2] The defendants have also moved to take two-part depositions of Mr. Khan and plaintiff Nay Zar Tun

---

[1] *See Khan v. Rogers*, No. 17-cv-05548-RS (LB), 2018 WL 4693414 (N.D. Cal. Sept. 28, 2018) (Order – ECF No. 88); *Khan v. Rogers*, No. 17-cv-05548-RS (LB), 2018 WL 5849010 (N.D. Cal. Nov. 6, 2018) (Order – ECF No. 101); Order – ECF No. 107. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *See* Defs. Statement – ECF No. 108; Defs. Proposed Protective Order – ECF No. 109.

ORDER – No. 17-cv-05548-RS (LB)

Kyaw (Mr. Khan's wife).[3] The plaintiffs have submitted a putative response.[4] Additionally, the plaintiffs, for their part, (1) sent an email to the defendants and the court stating that they will not appear for depositions unless the defendants (a) pay them in advance $1,300 to 1,400 an hour for five hours and (b) produce eight other witnesses at their depositions so that the plaintiffs can cross-examine them[5] and (2) filed a "notice for the record" asking the court to order the defendants to "get proper training" regarding putative subpoenas the plaintiffs issued to third-party cell-phone providers for records associated with third-party Ronaldo Lemus.[6]

The court can address these issues without a hearing. N.D. Cal. Civ. L.R. 7-1(b). The court adopts the defendants' proposed protocol for reviewing the forensic-backup data downloaded from Mr. Khan's cell phone, with the slight modification that the "taint team" must provide responsive documents and information from the phone to the plaintiffs as well as to lead counsel for the defendants, as described further below. The court denies without prejudice the defendants' motion to take two-part depositions of the plaintiffs in light of its order regarding the forensic-backup phone data. The plaintiffs' various submissions do not appear to be proper motions, but to the extent that they could be construed as motions, they are denied, as they are baseless in any event.

**STATEMENT**

**1. Discovery Into Mr. Khan's Cell Phone**

As discussed in the court's last order, the court asked the defendants for a "taint team" proposal in an effort to try one more time to accommodate Mr. Khan's potential privacy interests in his cell phone.[7] The court acknowledges and agrees with the defendants that the plaintiffs "could have mitigated or removed the risk of irrelevant and/or sensitive data from being

---

[3] Defs. Mot. to Take Two-Part Dep. Sessions – ECF No. 102.
[4] Pls. Resp. – ECF No. 112.
[5] Khan Email to Defs. and Court – ECF No. 113.
[6] Pls. Notice – ECF No. 110.
[7] Order – ECF No. 107 at 2.

ORDER – No. 17-cv-05548-RS (LB)    2

discovered or reviewed if [t]he[y] were simply to abide by [the court]'s orders" to take back the phone and produce responsive documents and information from the phone themselves.[8] By refusing to do so, the plaintiffs themselves have caused the need for the defendants to directly examine the data from the phone.[9]

In light of this, the court finds appropriate the defendants' proposal to have Kirsten Sansoe, an associate of defendants' lead counsel Noah Blechman who has not previously worked on this case in any way, serve as a "taint team" and directly review the forensic-backup data downloaded from the phone.[10] The court previously ordered the plaintiffs to produce information from the phone to the defendants[11]; Ms. Sansoe may produce that information directly to Mr. Blechman. Additionally, Mr. Blechman and Ms. Sansoe must produce a copy of that production to the plaintiffs. Mr. Blechman and Ms. Sansoe must use reasonable efforts to produce the information to the plaintiffs in a readable format.

The court adopts the defendants' proposed modifications to the District's standard protective order to account for Ms. Sansoe's review[12] and (with a few additional minor adjustments) will enter the modifications in a separate order.

## 2. The Defendants' Motion to Take Two-Part Depositions of the Plaintiffs

The defendants move to take two-part depositions of the plaintiffs.[13] The defendants state:

---

[8] Defs. Statement – ECF No. 108 at 2 (citing Orders – ECF No. 88, 101).

[9] *See* Order – ECF No. 107 at 1–2 (citing Blechman Decl. – ECF No. 105 at 2 (¶¶ 3–5)).

[10] The defendants state that they are not certain that they have the technical ability to review the forensic-backup data downloaded from Mr. Khan's phone. Defs. Statement – ECF No. 108 at 3. If they are unable to do so, they should file on the docket a notice and a proposed alternative for taking discovery of the phone's contents.

[11] Order – ECF No. 88 at 5–6.

[12] Defs. Proposed Protective Order – ECF No. 109.

[13] Defs. Mot. to Take Two-Part Dep. Sessions – ECF No. 102.

ORDER – No. 17-cv-05548-RS (LB)        3

> It would not have been prudent for Defendants to seek to depose Plaintiffs (Mr. Khan and/or his wife) until the contents of the cell phone are disclosed to Defendants as the disclosure will lead to significant questioning of the Plaintiffs (and needed follow up discovery). However, in the interests of moving this matter forward, Defendants are willing to depose Plaintiff in November as part one of these depositions, and then complete them in part two sessions, if necessary, following the production of contents of Mr. Khan's cell phone.[14]

Judge Seeborg has since extended the fact discovery cut-off for this case, affording the defendants (and the plaintiffs) more time for discovery,[15] and the court's ruling above on Mr. Khan's cell phone allows the defendants to begin immediately taking discovery of the phone's contents. In light of this, it may be that the defendants can obtain the documents and information they need from the phone and then depose the plaintiffs without the need for two-part depositions. The court thus denies without prejudice the defendants' motion to take two-part depositions. If circumstances arise such that the defendants continue to believe that they need to take two-part depositions, they may refile their motion. Any opposition is due three days after filing.

### 3. The Plaintiffs' List of Demands in Connection With Their Depositions

Mr. Khan states that he will charge $1,400 an hour for himself and $1,300 an hour for his wife for the defendants' deposition of them ($850–950 an hour in "special visitation" and $450 per hour for "attorney charges").[16] Mr. Khan demands "payment for the time in cash upfront" and states, "[i]f I do not receive the payment for 5 hours before deposition starts, the deposition will not happen."[17] Mr. Khan also demands that the defendants produce eight other specific individuals at the defendants' deposition of the plaintiffs so that he can ask them "cross question[s]."[18] These objections were not raised in the context of a motion. In any event, they are meritless. The

---

[14] *Id.* at 5.

[15] Modified Scheduling Order – ECF No. 111.

[16] Khan Email to Defs. and Court – ECF No. 113 at 1.

[17] *Id.*

[18] *Id.*

plaintiffs have no right to demand that the defendants pay them an hourly rate to appear for their depositions or to condition their appearance at depositions on advance cash payments of these unilaterally demanded hourly rates. The plaintiffs similarly have no right to demand that the defendants produce other witnesses for the plaintiffs to cross-examine at the defendants' deposition of the plaintiffs.[19]

The court is concerned that Mr. Khan's email evinces an intent by the plaintiffs to willfully refuse to appear for depositions. The court warns the plaintiffs that if they do not appear for properly-noticed depositions, they may be subject to sanctions, including terminating sanctions (dismissal of their case for failure to comply with their discovery obligations).[20]

### 4. The Plaintiffs' Subpoenas to Cell-Phone Providers

The plaintiffs filed a "notice for the record" regarding their putative subpoenas to two third-party cell-phone providers.[21] The plaintiffs ask the court to "order the counsel and the defendants to get proper training before their ignorance; lack of knowledge and lack of respect to rule of law may cause so many damages to others as they did to us."[22] These objections were not raised in the context of a motion. In any event, the plaintiffs provide no basis for and cite no authorities in support of an argument that the defendants should be ordered to "get proper training" in connection with putative subpoenas issued by the plaintiffs to third parties and not to the defendants.

---

[19] If the plaintiffs want to depose witnesses, they must properly notice the witnesses for a deposition pursuant to Federal Rule of Civil Procedure 30 (for witnesses that are parties) or properly subpoena the witnesses for a deposition pursuant to Federal Rule of Civil Procedure 45 (for witnesses that are not parties).

[20] The court expresses no view here as to whether the plaintiffs were properly noticed for depositions. But if they were properly noticed, they may not unilaterally refuse to appear for their depositions without potential consequences.

[21] Pls. Notice – ECF No. 110.

[22] *Id.* at 2 (¶ 8) (emphasis removed).

**CONCLUSION**

The court adopts the defendants' proposed protocol for reviewing the forensic-backup data downloaded from Mr. Khan's cell phone, with the slight modification that the "taint team" must provide responsive documents and information from the phone to the plaintiffs as well as to lead counsel for the defendants, as described above. The court denies without prejudice the defendants' motion to take two-part depositions of the plaintiffs. To the extent that the plaintiffs' submissions can be construed as motions, they are denied.

**IT IS SO ORDERED.**

Dated: November 20, 2018

_____

LAUREL BEELER
United States Magistrate Judge