United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DAVID KHAN, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>JUSTIN ROGERS, et al.,<br><br>   Defendants. | Case No. 17-cv-05548-RS (LB)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL**<br><br>Re: ECF No. 117 |

Plaintiffs David Khan and Nay Zar Tun Kyaw filed a motion to compel Inspector Darryl Holcombe of the Contra Costa County District Attorney's Office to respond to their interrogatories.[1] The court denies the motion.

A party may serve interrogatories only on other parties to the litigation. *See* Fed. R. Civ. P. 33(a)(1). They may not serve interrogatories on non-parties. *See id.* (Instead, a party may take discovery of a non-party by subpoena. *See* Fed. R. Civ. P. 45.) Inspector Holcombe is not a party to this litigation. The plaintiffs therefore cannot compel him to respond to interrogatories.[2]

---

[1] Pls. Mot. to Compel – ECF No. 117. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Contrary to the plaintiffs' suggestion, *id.* at 2 (¶ 5), there is no general obligation of public employees to respond to interrogatories in litigations to which they are not a party.

ORDER – No. 17-cv-05548-RS (LB)

The plaintiffs claim that "[d]ue to the limitation of the courtroom and security regulations, plaintiffs cannot proceed the deposition [sic] as we require that plaintiffs used the interrogatory questions to obtain information including to Sr. Inspector Darryl Holocombe [sic] of Contra Costa County."[3] It is not entirely clear to what deposition the plaintiffs are referring. To the extent that the plaintiffs are claiming that they cannot depose Inspector Holcombe because of courtroom limitations or security regulations, they have not supported their claim. Nothing prevents the plaintiffs from taking depositions, subject to the Federal Rules of Civil Procedure and all orders of the court. To the extent that the plaintiffs are claiming that they cannot sit for their own depositions until they obtain discovery from Inspector Holcombe, their claim is meritless. The plaintiffs do not have a right to unilaterally refuse to sit for properly-noticed depositions or to condition their depositions on their obtaining discovery from a third party. The court repeats its warning to the plaintiffs that if they do not sit for properly-noticed depositions, they may be subject to sanctions, including terminating sanctions (dismissal of their case for failure to comply with their discovery obligations).[4]

**IT IS SO ORDERED.**

Dated: December 28, 2018

_____
LAUREL BEELER
United States Magistrate Judge

---

[3] *Id.* at 1 (¶ 2).

[4] *See* Order – ECF No. 114 at 5 (previously warning plaintiffs that they must sit for properly-noticed depositions or risk being sanctioned).