UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DAVID KHAN, et al., | Case No. 17-cv-05548-RS (LB) |
| Plaintiffs, | |
| v. | **ORDER ADDRESSING MOTIONS TO COMPEL AND MOTION TO STRIKE** |
| JUSTIN ROGERS, et al., | Re: ECF Nos. 119, 120, 124 |
| Defendants. | |

## INTRODUCTION

Plaintiffs David Khan and Nay Zar Tun Kyaw filed (1) a motion to compel the defendants to produce "unedited" and "unmodified" copies of the documents and video footage that the plaintiffs requested[1] and (2) a motion to compel Pinole Police Department Property Specialist Linda Segundo to respond to interrogatories.[2] The defendants filed an opposition.[3] The plaintiffs then filed a motion to strike the defendants' opposition on the grounds that it was filed by an associate attorney of lead defense counsel Noah Blechman who had not previously entered an

---

[1] Pls. Mot. to Compel Doc. Prod. – ECF No. 119. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Pls. Mot. to Compel Interrog. Resps. – ECF No. 120.

[3] Defs. Mots. to Compel Opp'n – ECF No. 123.

ORDER – No. 17-cv-05548-RS (LB)

1  appearance in the case.[4] The court can decide these motions without a hearing. N.D. Cal. Civ. L.R.
2  7-1(b). The court (1) denies as moot the plaintiffs' motion to compel production of documents, as
3  there is no indication that the defendants have not produced "unedited" and "unmodified" copies
4  of the documents the plaintiffs requested, (2) orders the parties to meet and confer regarding the
5  plaintiffs' interrogatories, and (3) denies the plaintiffs' motion to strike.

## ANALYSIS

### 1. Motion to Strike

At all relevant times, the plaintiffs have been aware that the firm of McNamara, Ney, Beatty, Slattery, Borges & Ambacher LLP, and specifically Noah Blechman as lead counsel, have been representing the defendants. There is no plausible argument that the plaintiffs have suffered any prejudice from the fact that the defendants' opposition was filed by an associate attorney at McNamara (instead of Mr. Blechman) who had not filed a separate notice of appearance or that at any point the plaintiffs were unaware of who was representing the defendants. Any failure by defense counsel to file a new notice of appearance does not warrant striking the defendants' opposition.[5] The court denies the plaintiffs' motion to strike.

### 2. Document Requests

The plaintiffs "request this court to order the defendants to release the unedited, unmodified and the duplicate of the original documents and footages demanded."[6] The plaintiffs claim that "[t]he defendants and their counsel produced heavily edited and modified footages, rewritten reports with inconsistency."[7] The defendants respond with a declaration by their counsel, sworn under penalty of perjury, that "[n]one of the discovery produced to Plaintiff was edited or

---

[4] Pls. Mot. to Strike – ECF No. 124.

[5] *Cf.* Order – ECF No. 103 (denying plaintiffs' motion for sanctions based on defense counsel's failure to provide notice of departure of one of their attorneys).

[6] Pls. Mot. to Compel Doc. Prod. – ECF No. 119 at 1 (¶ 1).

[7] *Id.* (¶ 2).

modified as Plaintiff claims. The discovery produced to Plaintiffs are the same unedited documents, body camera, and surveillance video that are in Defendants' possession."[8]

The plaintiffs have not identified any specific document or video footage that they claim was edited or modified or presented any evidence to support their claim of editing or modification.[9] As there is no indication that the defendants have been editing or modifying documents or video footage, the plaintiffs' motion that the defendants be compelled to produce "unedited" or "unmodified" documents or video footage is denied as moot.

The plaintiffs also ask that the court hold the defendants in contempt.[10] The plaintiffs do not identify any court order that the defendants have violated. The court rejects the plaintiffs' suggestion to hold the defendants in contempt.

### 3. Interrogatories

The plaintiffs directed their interrogatories to Pinole Police Department Property Specialist Linda Segundo.[11] The defendants objected that Ms. Segundo is not a party to the litigation and that interrogatories can be served only on parties.[12] While that is true, given that Ms. Segundo appears to be an employee of the City of Pinole — which is a party[13] — and that the plaintiffs are pro se, a better course may be for the defendants to construe the interrogatories to Ms. Segundo as interrogatories to the City (with the City's retaining discretion as to whether it would have Ms.

---

[8] Ripoli Decl. – ECF No. 123-1 at 2 (¶ 5).

[9] The plaintiffs claim that "[t]he defendants fabricated multiple documents and accusations made towards the plaintiffs without proof was admitted by the defendants on the ECF#65." Pls. Mot. to Compel Doc. Prod. – ECF No. 119 at 2 (¶ 7). Nothing in the defendants' letter at ECF No. 65 suggests that the defendants have edited or fabricated any documents. (The letter notes that the plaintiffs have accused the defendants of fabricating evidence, ECF No. 65 at 3, but nothing in it suggests that the defendants actually did so.)

[10] Pls. Mot. to Compel Doc. Prod. – ECF No. 119 at 3 (¶ 14).

[11] Pls. Interrogs. – ECF No. 120-1.

[12] *Id.*

[13] This distinguishes Ms. Segundo from Inspector Darryl Holcombe, whom the plaintiffs also served with interrogatories. Inspector Holcombe appears to be an employee not of the City but of Contra Costa County, which is no longer a party to this litigation. *Cf.* Order – ECF No. 118 (denying plaintiffs' motion to compel interrogatory responses from Inspector Holcombe).

Segundo, or someone else, verify its responses to those interrogatories). *Cf. Rhodes v. Elec. Data Sys. Corp.*, No. CIV S-06-1715 MCE EFB PS, 2007 WL 840307, at *1 (E.D. Cal. Mar. 19, 2007) (corporation defendant construed pro se plaintiff's interrogatories to its non-party employee as being interrogatories to the corporation and responded accordingly). With that guidance, the court directs the parties to meet and confer regarding the interrogatories. The court expresses no opinion at this juncture about whether the interrogatories, if directed at the City, are proper or are otherwise objectionable; instead, it leaves that to the parties to discuss in the first instance.[14]

The plaintiffs also complain that the defendants' responses to their interrogatories were untimely.[15] The plaintiffs sent their interrogatories on November 30, 2018 by U.S. mail.[16] Federal Rule of Civil Procedure 33(b)(2) provides that a responding party must serve its answers and any objections within 30 days after being served, absent stipulation or order of the court. Federal Rule of Civil Procedure 6(d) provides that a party has three additional days to respond if service of the interrogatories was made by mail. The defendants thus had 33 days to respond, i.e., until January 2, 2019.[17] The defendants mailed their responses to the plaintiffs on January 3, 2019, one day late.[18] That said, the interrogatories contained some errors on the plaintiffs' side as well (e.g., their being addressed to Ms. Segundo instead of a party). Under these circumstances, the court declines

---

[14] For example, if the plaintiffs already issued 25 interrogatories to the City, they may not try to get around the 25-interrogatory limit by issuing additional interrogatories to Ms. Segundo.

[15] Pls. Mot. to Compel Interrog. Resps. – ECF No. 120 at 2 (¶¶ 4–5).

[16] *Id.* (¶ 4); Pls. Interrogs. Certificate of Service – ECF No. 120-2. As an aside, the plaintiffs' certificate of service states that the plaintiffs mailed their interrogatories on November 26, 2018, not November 30. Considering that the interrogatories themselves are dated November 30, Pls. Interrogs. – ECF No. 120-1 at 6, and the plaintiffs say in their motion that they mailed them on November 30, Pls. Mot. to Compel Interrog. Resps. – ECF No. 120 at 2 (¶ 4), the court assumes the November 30 date, not the November 26 date, is correct.

[17] The defendants calculate their response date as January 3, 2019, stating that Federal Rule of Civil Procedure 6(a)(1)(A) excludes the day the plaintiffs placed their discovery request in the mail. Defs. Mots. to Compel Opp'n – ECF No. 123 at 2. Excluding November 30 — the day the plaintiffs mailed their discovery request — day 1 was December 1, day 2 was December 2, day 31 was December 31, day 32 was January 1, and day 33 was January 2, not January 3.

[18] Defs. Interrog. Resps. – ECF No. 123-1 at 24. The plaintiffs state that they did not receive the defendants' responses until January 4, 2019, Pls. Mot. to Compel Interrog. Resps. – ECF No. 120 at 2 (¶ 4), but the defendants' service of their responses is complete upon their mailing, not the defendants' receipt. Fed. R. Civ. P. 5(b)(2)(C).

at this juncture to per se overrule the defendants' objections for being one day late. *Cf. FormFactor, Inc. v. Micro-Probe, Inc.*, No. C-10-03095 PJH (JCS), 2012 WL 1575093, at *8 (N.D. Cal. May 3, 2012). Instead, the court directs the parties to meet and confer regarding the interrogatories in the first instance.

**4. Requirement to Meet and Confer**

The court reminds and re-orders the parties that they must comply with the discovery-dispute procedures in the court's standing order.[19] The procedures in it require, among other things, that the parties must meet and confer and, if they cannot resolve their disputes, may submit a joint letter brief with information about any unresolved disputes. Both sides have at times submitted individual motions. The court reiterates that the parties must comply with the court's joint-letter-brief process as a general matter. A party may submit an individual discovery letter or motion only if that party declares that he, she, or it has made reasonable, good-faith efforts to secure the opposing parties' portion of a joint letter and were unable to do so. Discovery letters and motions that do not comply with this requirement may be summarily denied.

## CONCLUSION

The court (1) denies as moot the plaintiffs' motion to compel production of documents, (2) orders the parties to meet and confer regarding the plaintiffs' interrogatories, and (3) denies the plaintiffs' motion to strike.

**IT IS SO ORDERED.**

Dated: January 16, 2019

LAUREL BEELER
United States Magistrate Judge

---

[19] Standing Order – ECF No. 70-1.