UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| DAVID KHAN, et al., | Case No. 17-cv-05548-RS (LB) |
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFFS' MOTION TO COMPEL** |
| JUSTIN ROGERS, et al., | Re: ECF No. 128 |
| Defendants. | |

## INTRODUCTION

The court assumes the reader's familiarity with the subject matter and procedural history of this case and the parties' various disputes. The plaintiffs have filed another motion to compel, this one to compel non-parties Zachary Blume and John Corcoran to respond to their interrogatories and to compel the defendants to produce documents. The court can decide the motion without a hearing. N.D. Cal. Civ. L.R. 7-1(b). The court denies the motion.

## ANALYSIS

First, the court repeatedly ordered the parties that they must meet and confer before raising discovery disputes and, if they cannot resolve their disputes, may submit a *joint* letter brief with

information about any unresolved disputes.[1] Under the court's orders, a party may submit an individual discovery letter or motion only if that party declares that he, she, or it has made reasonable, good-faith efforts to secure the opposing parties' portion of a joint letter and was unable to do so.[2] The court warned that discovery letters and motions that do not comply with this requirement may be summarily denied.[3] Notwithstanding the court's orders, the plaintiffs unilaterally filed an individual motion to compel. The plaintiffs did not submit a declaration that they made reasonable, good-faith efforts to secure the defendants' portion of a joint letter and were unable to do so.[4] The plaintiffs' failure to comply with the court's orders is, on its own, grounds for summarily denying their motion.

Second, the plaintiffs' motion fails on the merits as well. As the court previously explained on multiple occasions, the plaintiffs may serve interrogatories only on parties to the litigation.[5] Zachary Blume and John Corcoran are not parties to the litigation. The court previously addressed this issue in the context of a motion by the plaintiffs to compel another non-party, Linda Segundo, to respond to interrogatories.[6] There, the court allowed for the possibility that the plaintiffs, who are pro se, had intended to serve interrogatories on the City of Pinole (which is a party) but

---

[1] Order – ECF No. 122 (emphasis in original); Order – ECF No. 125 at 5. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 122; Order – ECF No. 125 at 5.

[3] Order – ECF No. 122; Order – ECF No. 125 at 5.

[4] The plaintiffs claim that "the defendants never contacted us with respect and ignored our existent [sic] in many ways." Pls. Mot. to Compel – ECF No. 125 at 1. That is not a declaration that the *plaintiffs* made reasonable, good-faith efforts to secure the defendants' portion of a joint letter and were unable to do so. For example, the plaintiffs do not say that they sent to the defendants their portion of a joint letter brief and asked for the defendants' response before they unilaterally filed their individual motion to compel. *Cf. Synopsys, Inc. v. Ubiquiti Networks, Inc.*, No. 17-cv-00561-WHO (LB), 2018 WL 2294281, at *1 (N.D. Cal. May 21, 2018) ("[O]ne of the central purposes of the joint-letter-brief process [is] so that the parties can see each other's positions and arguments, can respond to them, can re-respond to the responses, etc., and thereby (1) try to find areas of compromise and work out their disputes amongst themselves and (2) narrow, sharpen, and focus the issues they cannot resolve before they present those issues to the court.").

[5] Order – ECF No. 118 at 1 (citing Fed. R. Civ. P. 33(a)(1)); Order – ECF No. 125 at 3 & n.13.

[6] Order – ECF No. 125.

mistakenly served them on Ms. Segundo instead.[7] The court suggested that the defendants might construe the interrogatories served on Ms. Segundo as interrogatories to the City.[8] The court noted that the interrogatories might be objectionable for other reasons, however, including if the plaintiffs were trying to exceed the 25-interrogatory limit set forth in Federal Rule of Civil Procedure 33 by issuing separate sets of interrogatories to different non-party individuals instead of limiting their interrogatories to the parties.[9] The plaintiffs' latest submission makes clear that is exactly what the plaintiffs have been doing: they have issued 21 to 25 separate interrogatories to each of Mr. Blume, Mr. Corcoran, and Ms. Segundo.[10] The plaintiffs may not issue interrogatories to non-parties (which are improper in the first instance) and use them to compel the parties to respond to more interrogatories than the limit set forth in Rule 33.

The plaintiffs also ask the court to compel the defendants to produce documents.[11] The plaintiffs repeat their accusations that the defendants have fabricated documents.[12] As has been the case each of the previous times that the plaintiffs have made these accusations, the plaintiffs do not support their accusations with any evidence.[13]

## CONCLUSION

The court denies the plaintiffs' motion to compel.

---

[7] *Id.* at 3–4.

[8] *Id.* at 3.

[9] *Id.* at 4 n.14.

[10] Pls. Mot. to Compel Exs. – ECF Nos. 128-1, 128-2, 128-3.

[11] Pls. Mot. to Compel – ECF No. 128 at 5 (¶ 20).

[12] *Id.* at 3–4 (¶¶ 9–11).

[13] *See id.* at 5 (¶ 17) (the plaintiffs claiming that they can only present their supposed evidence of fabrication at trial and not in the discovery process); *cf.* Order – ECF No. 2–3 & n.9 (noting that "[t]he plaintiffs claim that '[t]he defendants and their counsel produced heavily edited and modified footages, rewritten reports with inconsistency'" but "have not identified any specific document or video footage that they claim was edited or modified or presented any evidence to support their claim of editing or modification").

The court also corrects an apparent misunderstanding of the plaintiffs. The plaintiffs claim that the defendants have the burden of proof in this case.[14] That is incorrect. This is not a criminal case brought by the government *against* the plaintiffs, in which the government would have the burden of proof. This is a civil case brought *by* the plaintiffs against the City of Pinole and Officer Justin Rogers. The plaintiffs, and not the defendants, bear the burden of proof in this civil case.

**IT IS SO ORDERED.**

Dated: January 28, 2019

_____

LAUREL BEELER
United States Magistrate Judge

---

[14] Pls. Mot. to Compel – ECF No. 128 at 4 (¶ 10).